violation of Rule 11 should be afforded the opportunity to plead anew not only will insure that every accused is afforded those procedural safeguards, but also will help reduce the great waste of judicial resources required to process the frivolous attacks on guilty plea convictions that are encouraged, and are more difficult to dispose of, when the original record is inadequate. It is, therefore, not too much to require that, before sentencing defendants to years of imprisonment, district judges take the few minutes necessary to inform them of their rights and to determine whether they understand the action they are taking."

That which the United States Supreme Court observed in *McCarthy* applicable to Federal Rule 11 is as our supreme court noted in *Mims* equally applicable to our Rule 402.

In this case, the defendant did make certain observations that might arguably be said to establish his understanding of the nature of the charge. We are not persuaded that his observations establish substantial compliance with the affirmative and specific requirements of Rule 402.

■■ The judgment and sentence is therefore required to be reversed and this cause remanded with directions to permit the defendant to plead anew.

Reversed and remanded with directions.

TRAPP and SIMKINS, JJ., concur.

CHARLES F. KING, Plaintiff-Appellant, *v.* WERNER EICHHOEFER, Defendant-Appellee—(PAUL GORKA, Defendant.)

(No. 57333;

First District (3rd Division)—May 24, 1973.

Opinion by Mr. JUSTICE McNAMARA.

Robert Emmett Lee, of River Forest, for appellant.

No appearance for appellee.